RECEIVED
IN LAKE CHARLES, LA
SEP - 2 2009
7AM
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MICHAEL BERCIER | : | DOCKET NO. 2:06 CV 1964 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment, filed by the defendant State Farm Fire and Casualty Company (hereinafter "State Farm") [doc. 39]. The plaintiff, Michael Bercier, did not file an opposition. This matter is set for a jury trial on October 10, 2009.

## FACTS

Mr. Bercier filed suit against State Farm for damages sustained to his house during Hurricane Rita. On November 4, 2005, State Farm issued checks in the amount of $250,000 and $100,000, which represent the flood policy limits for building and contents losses, respectively.[1] In December 2005, State Farm issued another check for $201,103.59 for wind-related structure damage, contents losses, non-classified personal property, and additional living expenses.[2] State Farm then sent Mr. Bercier a letter explaining that certain policy provisions would limit coverage under the policy for damage caused by flood waters acting in sequence or concurrently with wind.[3] He filed this suit on

---

[1] Def.'s Ex. C.

[2] Def.'s Ex. E.

[3] Def.'s Ex. F.

1

October 26, 2006 in the 14th JDC.[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

State Farm files this motion for partial summary judgment seeking dismissal of the plaintiff's bad faith claims and dismissal of the claims in paragraphs 22 and 23 of the complaint, which allege breach of duty regarding procurement of "excess flood coverage."

---

[4] Compl. [doc. 1].

2

I. Bad Faith Claim

State Farm seeks summary judgment dismissing its bad faith claim pursuant to La. Rev. Stat. Ann. § 22:658 and/or § 22:1220. State Farm argues that it conducted multiple inspections and issued several payments, and the damages it refuses to pay are based on a good faith dispute. State Farm therefore argues that because its refusal to pay is based on a genuine dispute over coverage, it is entitled to a summary judgment ruling that it did not act in bad faith.

To recover, the plaintiff must prove that the insurer: "(1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009). Under both statutes, "arbitrary and capricious" have the same definition, and mean "vexatious." *Id.* (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-cv-0107; 857 So.2d 1012, 1021 (La. 10/21/03)). A "'vexatious refusal to pay' means unjustified, without reasonable or probable cause or excuse." *Id.* (quoting *Reed*, 857 So.2d at 1021). Louisiana law is clear that "[a] refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute has a good faith basis." *Dickerson*, 556 F.3d at 299. The Fifth Circuit noted that whether the insurance company's dispute was in good faith is a factual determination. *Id.* at 297-98, 300 (noting that such findings are reviewed deferentially under the clear error standard on appeal).

Thus, normally this issue would not be appropriate for summary judgment. However, the Court has no evidence of State Farm's bad faith that would create a genuine issue of material fact for trial. Mr. Bercier did not file an opposition. In his response to interrogatories, when asked to detail all facts supporting a finding of bad faith, the individuals who acted in bad faith, and specific

3

acts demonstrating bad faith, Mr. Bercier responded "[n]ot applicable at this time."[5] Moreover, in his response to requests for production from State Farm asking for any documents that support his assertion of bad faith, he responded "[n]ot applicable at this time."[6] Accordingly, this Court finds that State Farm has met its summary judgment burden of showing there is no genuine issue of material fact for trial as to whether State Farm acted in bad faith, and the plaintiff's bad faith claims are hereby DISMISSED.

## II. Independent/Vicarious Negligence of State Farm

State Farm also argues that the allegations of liability against State Farm and its agent should be dismissed. In his complaint, Mr. Bercier alleges that he relied upon his agent to tell him whether the maximum insurance available was that issued under the National Flood Insurance Program (hereinafter "NFIP"), which caused him to refrain from further inquiry. Mr. Bercier further alleged that the relationship with Dale Bernard has given rise to an implied contractual duty, which has been breached, and a vicarious relationship with State Farm, which has also been breached.

State Farm seeks dismissal of these claims based upon this Court's previous ruling in *Cameron Parish School Board v. State Farm Fire and Casualty Company*, 560 F. Supp.2d 485 (W.D. La. 5/19/08). In *Cameron Parish*, this Court dismissed the plaintiff's claims against the insurance agent, finding that the insurance agent had no duty to ascertain whether the plaintiff was underinsured or advise that additional coverage was available through other avenues. *Id.* at 488-89. Summarizing the developments in the jurisprudence following Hurricanes Katrina and Rita, the

---

[5] Def.'s Ex. H.

[6] Def.'s Ex. H.

4

undersigned dismissed the claim against State Farm for breach of duty, stating:

> In sum, agents do not have a duty to independently assess insureds' needs and recommend coverage. Similarly, agents do not have a duty to advise clients whether they are underinsured. Clients, not agents, are responsible for reading their policies and communicating their insurance needs.

*Id.* at 489.

Regardless of whether an agency relationship existed between Dale Bernard and State Farm that could give rise to vicarious liability, neither party owed Mr. Bercier a duty to affirmatively assess whether he was underinsured for floods and affirmatively point out coverage options beyond the NFIP; accordingly

IT IS ORDERED that State Farm's motion for partial summary judgment, [doc. 39], is hereby GRANTED, and Mr. Bercier's bad faith claims and his claims for breach of duty and vicarious liability articulated in paragraphs 22 and 23 of the petition are hereby DISMISSED.

Lake Charles, Louisiana, this 27 day of August, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE